# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID Y T ABDEL AZIZ,<br><br>                        Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et. al.,<br><br>                      Respondents. | Case No.: 26-cv-1050-BJC-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

     Petitioner Hamid Y T Abdel Aziz, a citizen of Chad, entered the United States on February 9, 2024, and was taken into custody by Immigration and Customs Enforcement ("ICE") shortly thereafter. ECF No. 1 ¶¶ 1, 21; ECF No. 1-3 at 2. The next day, he was issued a Notice to Appear placing him in removal proceedings and released on his own recognizance. *Id*. ¶¶ 1, 22. He retained an attorney and filed an application for asylum. *Id*. ¶¶ 2, 22, 23. While on release, Petitioner received employment authorization, was gainfully employed, and complied with his conditions of release. *Id*. ¶¶ 2, 23, 26. On August 27, 2025, ICE agents arrested him after he left the courtroom following a hearing at immigration court. *Id*. ¶¶ 3, 24. He was taken to Otay Mesa Detention Center where he remains. *Id*. ¶ 25. Prior to his arrest, Petitioner was provided no notice and never received

a hearing. *Id*. ¶¶ 5, 28, 30.

On February 19, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule and issued a limited stay on February 23, 2026. ECF No. 2. Respondents filed a return to the amended petition on March 2, 2026. ECF No. 4. On March 4, 2026, Petitioner filed a traverse. ECF No. 5.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his re-arrest and re-detention without written notice and a pre-deprivation hearing, before a neutral decisionmaker violated his right to due process and the Administrative Procedures Act ("APA"). ECF No. 1 ¶¶ 38-47. Respondents contend Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," pursuant to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025). ECF No. 4 at 2.

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D.

1  Cal. Oct. 1, 2025).  Under applicable regulations, parole[1] is "terminated upon written notice
2  to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).   Petitioner contends, and Respondents do not
3  dispute that Petitioner was provided no individualized determination, and no opportunity
4  to be heard before he was detained.  The Court finds Petitioner's revocation of his release
5  and detention violates due process rights.

6      Accordingly, the Court GRANTS the petition for a writ of habeas corpus.
7  Respondents shall immediately release Petitioner under the previously determined
8  conditions.  Respondents are enjoined from re-detaining Petitioner without complying with
9  8 C.F.R. § 212.5 and due process.  Respondents are enjoined from placing Petitioner in
10 Alternatives to Detention or any electronic monitoring.  Petitioner's request for attorneys'
11 fees and costs is DENIED without prejudice to Petitioner filing an appropriate application
12 for fees.  The Clerk of Court shall close this matter.

13     **IT IS SO ORDERED**.

14 Dated:  March 4, 2026

*[signature: Bryan Cheeks]*

Honorable Benjamin J. Cheeks
United States District Judge

---

[1] Generally, "release on recognizance" during immigration proceedings, is "conditional parole."  *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).